## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANGEL G. ROSADO-QUIÑONES

    Plaintiff,

v.

PUERTO RICO TELEPHONE / CLARO INC.

    Defendant.

Civil No. 11-1166(SEC)

## OPINION AND ORDER

Before the Court are defendant Puerto Rico Telephone/Claro Inc.'s ("Defendant") Motion for Partial Dismissal (Docket # 11), and plaintiff Angel G. Rosado-Quiñones' opposition thereto (Docket # 17). After reviewing the filings and the applicable law, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

**Background**

This is a federal-question suit filed under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 624 *et seq*, by Rosado-Quiñones, a managerial employee who has over 24 years of working experience with Defendant. Docket 1.[1] Rosado-Quiñones has also brought forth claims under Puerto Rico law 100 ("Law 100"), P.R. Laws Ann. tit. 29 §§ 146 *et seq.*, and law 115, P.R. Laws Ann. tit. 29 §§ 194 *et seq.* Id. Among other things, Rosado-Quiñones seeks compensatory and punitive damages under the ADEA as well as equitable relief. Id. He also demands trial by jury. Id.

Defendant filed a Motion for Partial Dismissal as to Rosado-Quiñones' claims under Law 100, arguing that his allegations fail to support a cause of action under this statute. Docket # 11, p. 3. Defendant's motion also moves the Court to strike Rosado-Quiñones'

---

[1] Although Rosado-Quiñones currently works for Defendant, he claims that the company refused to increase his salary and suspended him from work in two occasions because he engaged in activities protected under the ADEA. Id.

2

request for compensatory and punitive damages under the ADEA. Id., p. 5. Specifically, Defendant contends that "[v]arious circuits, including the First Circuit, have addressed the issue of compensatory damages under the ADEA and have uniformly held that they are not recoverable under the Act." Id., p. 6. Lastly, Defendant argues that Rosado-Quiñones' trial by jury demand in connection with his claims for equitable relief should also be stricken, because "equitable remedies are for the Judge, and not the jury, to decide." Id., p. 6.

Rosado-Quiñones opposes each one of Defendant's contentions. Docket # 17.

**Applicable Law and Analysis**

An extended discussion of the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) is unnecessary in this case. It suffices to say that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007). In this case, however, the Court is disinclined to delve into this type of analysis, as Defendant has only requested dismissal of one of Rosado-Quiñones' state-law claims. In other words, Defendant's motion moves the Court to entertain a pendent state-law claim, before the Court has the opportunity to determine whether the federal claims set forth in the complaint have enough heft to warrant a trial. In fact, Defendant's Motion for Partial Dismissal fails to address Rosado-Quiñones' ADEA claims altogether. Because "[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit," Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991), the Court will defer Defendant's Law 100 contentions for a later stage of the proceedings (i.e. summary judgement).[2] Accordingly, Defendant's Motion for Partial Dismissal is **DENIED**.

---

[2] If Rosado-Quiñones' ADEA claims were to fail at that stage, his state-law claims would be dismissed without prejudice, and he would be able to re-file them in state court. Defendant has provided the Court with no good reason to depart from this practice, which is the standard procedure in this District.

3

The Court addresses in similar fashion Defendant's contentions regarding Rosado-Quiñones' request for compensatory and punitive damages. It is well settled that the ADEA does not allow an award for either compensatory or punitive damages. See e.g., Collazo v. Nicholson, 535 F.3d 41, 44-45 (1st Cir. 2008); Kolb v. Goldring, Inc., 694 F.2d 869, 871-72 (1st Cir. 1982) ("[A]n ADEA action is identical to a common law suit for back wages for breach of contract. . . . [T]he plaintiff suing under the ADEA may recover only those pecuniary benefits connected to the job relation. Pain and suffering form no part of the damages. Punitive damages are not allowed.") (internal quotations and citations omitted). Rosado-Quiñones nonetheless argues otherwise, directing the Court to the ADEA provision authorizing "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation [injunctive relief]," 29 U.S.C. § 626(b). Docket # 17, pgs. 2-4. The First Circuit, however, has expressly rejected this contention. See Vazquez v. Eastern Air Lines, Inc., 579 F.2d 107, 109-112 (1st Cir. 1978). Accordingly, Defendant's request to strike Rosado-Quiñones' claims for compensatory and punitive damages is **GRANTED**.

Lastly, well-settled law also governs Defendant's request to strike Rosado-Quiñones' jury trial demand in connection with his claims for equitable relief. In this regard, Rosado-Quiñones underscores § 626(c)(2) of the ADEA, which states that a plaintiff is "entitled to a trial by jury of any issue of fact . . . regardless of whether equitable relief is sought. . . ." Docket # 17, p. 6. Further, the Court notes the Supreme Court admonition that "Congress intended that in a private action under the ADEA a trial by jury would be available where sought by one of the parties." Lorillard v. Pons, 434 U.S. 575, 584 (1978). Nevertheless, as Defendant correctly points out, the Court and not a jury is to make any equitable determination in connection with relief granted under the ADEA. See e.g., Chambers v. City of Calais, 187 F.3d 621 (1st Cir. 1998); Fortino v. Quasar Co., a Div. of Matsushita Elec. Corp. of America, 950 F.2d 389, 398 (7th Cir. 1991). Accordingly, Defendant's request to strike Rosado-Quiñones' trial by jury demand in connection with his claims for equitable relief is **GRANTED**.

**Conclusion**

For the foregoing reasons, Defendant's Motion for Partial Dismissal is **DENIED**; its request to strike Rosado-Quiñones' claims for compensatory and punitive damages as well as his jury trial demand in connection with claims for equitable relief is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2011.

> *s/Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge